SOPHIE BUSATH

*v.*

NANNY PRIVAL et al.

[Decided July 15th, 1915.]

1. Under the Attachment act (*1 Comp. Stat. 1910 pp. 137, 138* §§ 7, 8), providing that only the property and estate of defendant in attachment at the issuance of the writ is bound, and that the estate of other persons acquired therein previous to the attachment cannot be affected thereby, the previous equitable or legal interests of third parties in the lands attached are protected.

2. A judgment in attachment, obtained after the filing of a bill against the debtor for specific performance of an agreement to convey, and notice of the debtor's conveyance and complainant's rights thereunder, did not protect the judgment creditor under the recording act.

3. Under *P. L. 1892 p. 292*, supplementing "Married Woman's" act (*3 Comp. Stat. 1910 p. 3231* ¶ *8f*), providing that a married woman may execute and deliver any conveyance of her real estate without her husband joining therein, provided that such deed is given in execution of a written contract by her to which the husband was a party, or to which

he has assented in writing, and that such contract shall be acknowledged as in case of a conveyance of land by a married woman, and that such contract and assent shall be recorded before or at the recording of any such conveyance, the wife's conveyance in execution of the written contract for the exchange of lands between the purchaser and the husband, in which the husband did not join, made before the contract had been recorded, was not evidence of the written contract, or an expression of its terms, and as written evidence of the contract for sale or exchange was incomplete and disclosed only part of the terms, so that it could not be considered as the required contract of sale which could be specifically enforced against the will of the wife.

4. Where the vendee or purchaser in a contract with the vendor's husband for the exchange of properties has fulfilled his contract, and the vendor refuses to convey, the purchaser may have the vendor's estate in the land charged with the payment of the purchase-money, or with the value of the property delivered as a consideration, and also with the other moneys equitably due by reason of the purchaser's execution of the contract and taking possession of the land.

On bill, amended bill, answer, replication, stipulation and proofs.

Complainant, Mrs. Busath, was the owner of lands in the city of New York, and the defendant Mrs. Prival of two lots of land in Englewood, New Jersey. An oral agreement for exchange of the lands was made between complainant and Mrs. Prival and her husband, Louis, and the terms of exchange agreed on. A written agreement, dated February 21st, 1912, expressing these terms was afterwards made between complainant and Louis Prival, the husband, by the terms of which the husband was to convey to complainant the New Jersey land, and complainant to convey to the husband the New York land. All the lands were to be conveyed subject to existing mortgages thereon, and a third person, Mrs. Krisch, the mother of Mr. Prival, was a party to the written contract and, together with Prival, agreed to procure an extension for one year of a second mortgage for $1,500 on the Englewood property, or to advance $1,000 toward reducing it on certain conditions as to repayment of the amount advanced. On March 15th, 1912, conveyances for the purpose of carrying out the agreement were made, the complainant conveying her New York lands to Louis Prival, this being by consent and direction of his wife, and Mrs. Prival

conveying to complainant by two deeds (one for each lot) the Englewood lots. The husband of Mrs. Prival did not join in the execution of either of these deeds. All of the parties were residents of New York and all of the contracts were made there and all the deeds were delivered there. Under the laws of New York the separate deed of the wife for lands located there is valid. The deeds for the New Jersey lands were acknowledged before a proper officer by Mrs. Prival to have been signed, sealed and delivered as her voluntary acts and deeds, freely, without threats or compulsion of her husband, and were recorded on April 6th, 1912. The contract of exchange had not been recorded. On July 31st, 1912, defendant H. B. Claflin Company issued a writ of attachment against Mrs. Prival as a non-resident debtor, and on August 7th, 1912, the New Jersey lands were attached under the writ. On March 10th, 1913, the written contract of exchange, which had been duly acknowledged, was recorded, and on April 13th, 1913, this bill for specific performance (amended at the hearing to set up the prior oral agreement) was filed against Mr. and Mrs. Prival and the attaching creditors. Decree *pro confesso* has gone against the Privals as non-resident defendants brought in by publication, and H. B. Claflin Company answers, claiming the invalidity of the deed executed by Mrs. Prival and denying right of complainant to specific performance. After answer to the bill and on July 24th, 1913, order for judgment by default for $249.84, besides costs, was entered in the attachment suit on the auditor's report.

Upon the execution and delivery of the deeds the Privals took possession of the New York property and received the rents, and complainant took possession of the New Jersey property and has since received the rents.

On the exchange of properties a purchase mortgage upon the New York lands conveyed by complainant to Louis Prival was given to complainant by Louis Prival and wife for $6,500, the estimated difference in values fixed by the contract of exchange. This mortgage was payable in installments upon which default was made, as also default in subsequently paying taxes and assessments upon which foreclosure proceedings were commenced,

and, subsequently, on August 7th, 1912, these were adjusted by the conveyance of the mortgaged premises to complainant upon her payment of $100. She had previously paid taxes and assessments to protect her mortgage. Subsequently, on being requested to join in a new conveyance of the New Jersey lands to remedy the defect in the former deed, Mr. and Mrs. Prival, through their attorney, refused to do so, except upon payment of $1,000 or $1,200, and have not made any answer to subsequent requests by letter to execute a joint deed.

*Mr. Arthur H. Bissell,* for the complainant.

*Mr. William E. Ellis,* for the defendant H. B. Claflin Company.

EMERY, V. C. (after statement). In this case I reach these conclusions:

*First.* The rights of the defendant H. B. Claflin Company in the lands in question at the time of filing the bill were those of attaching creditors only, and under the Attachment act (*1 Comp. Stat. p. 137, "Attachment,"* §§ *7, 8*) only the property and estate of the defendant in attachment on the lands at the issuing of the writ is bound, and the estate of other persons acquired therein previous to the attachment cannot be affected by the attachment. *Campion* v. *Kille (Court of Errors and Appeals, 1863), 15 N. J. Eq. 476, 478.* The previous equitable interest of third parties in the lands attached are protected as well as their legal interests. *Canda* v. *Powers (Chancellor Runyon, 1884), 38 N. J. Eq 412, 418.* The decree in this case was reversed on another point, but this rule under the Attachment law was not questioned. The judgment in attachment having been obtained after filing the bill and notice of the conveyance to complainant by Mrs. Prival, and complainant's rights arising thereunder, defendant as judgment creditor is not protected under the recording acts. *Canda* v. *Powers, supra, 418; Lanahan* v. *Lawton (Vice-Chancellor Pitney, 1892), 50 N. J. Eq. 276, 281.*

*Second.* Specific performance of a written contract on the

part of Mrs. Prival to convey based on her execution of the defective deed, as evidencing the written contract, cannot be granted under the statute. *P. L. 1892 p. 292,* a supplement to the "Married Woman's" act, *Comp. Stat. p. 3231 ¶ 8f:*

"Conveyance of real property by married woman in execution of written contract to which husband was party, &c.

"SEC. 1.   That hereafter any married woman above the age of twenty-one years may execute and deliver any conveyance of her real estate without her husband joining therein, and such conveyance when duly acknowledged, and such acknowledgment certified according to law, shall be good and effectual to convey the lands, tenements or hereditaments thereby intended to be conveyed; *provided,* that such deed is given in execution of a written contract made by such married woman, to which the husband was or shall be a party, or to which he has given or shall give his assent in writing, or to the terms, conditions and stipulations of which he in writing has bound or made subject or shall bind and make subject his right, title or interest in said real estate; *and provided, further,* that such contract shall have been or shall be acknowledged, as in case of a conveyance of land by a married woman, and such assent or other writing signed by such husband shall have been or shall be acknowledged or proved, as in case of a conveyance of land, and such contract and assent, or other writing, shall have been or shall be recorded before or at the time of the recording of any such conveyance."

This statute by its terms contemplates a prior written contract executed and duly acknowledged by the wife, and the subsequent voluntary execution of a deed in pursuance of the written contract.   It validates such subsequent separate deed of the wife.   The defective deed cannot itself be taken as the prior written contract intended by the statute, and another deed, based on this as the previous separate contract of the wife, be required to be executed against her will by a decree for specific performance.   And upon the facts proved in this case, it cannot be held that in fact the defective deed as executed was the evidence of the written contract for conveyance or as expressing the terms of the contract.   The lands were not conveyed upon the consideration mentioned in this deed, nor do any of the other material parts of the contract, which was one for exchange, appear in this deed.   As written evidence of the contract for sale, it is incomplete and discloses only part of the terms, and for this additional reason cannot be considered as the contract of sale now to be specifically enforced against the will of the wife.

*Third.* The wife refusing to convey, the equity of the complainant as against her stands as that of a vendee or purchaser on the exchange of properties, who has on her part fulfilled the contract, and by reason thereof and of the wife's refusal has equities for compensation. This equity is to have the estate of Mrs. Prival in the lands charged with the payment of the purchase-money (*Penlz* v. *Simonson* (*Chancellor Green, 1861*), *13 N. J. Eq. 232, 236; Phelps* v. *Morrison* (*Court of Errors and Appeals, 1874*), *25 N. J. Eq. 538, 547*), or with the value of the property delivered as consideration (*Pierson* v. *Lum* (*Vice-Chancellor Green, 1874*), *25 N. J. Eq. 390*) ; and also with other moneys equitably due, by reason of complainant's execution of the contract on her part and taking possession of the land. This aspect of the case was not presented at the hearing, and on the nature and the extent of these charges, I will hear counsel. The interest of Mrs. Prival in the lands will be sold to pay any charges directed, which will be prior to the attaching creditors' lien, and if sale is directed, I will hear counsel as to selling any interest the husband may have in the lands, or directing conveyance thereof by him to the purchaser.